UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FRYE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. ED CV 15-01991 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

**FACTUAL BACKGROUND**

On June 29, 2012, Plaintiff Patricia Frye filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), alleging that she was disabled beginning on June 15, 2009. After her application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ, and a hearing was held on February 12, 2014, at which Plaintiff testified on her own behalf. (AR 31-62.) The ALJ summarized Plaintiff's hearing testimony as follows:

> "The claimant testified at the hearing, she is unable to work because of her heart problems, breathing problems and recently developed swelling in both feet.  She explained she experiences breathing difficulties, shortness of breath, and constant pain which varies in

intensity. She estimated she would stand up for up to twenty minutes at one time, walk down her driveway, and perform household chores at a slower pace. She explained that she has 'good' days and 'bad' days. She estimated having about one to two good days a week. On these days, she is able to perform household chores around her house. However she has to lie down on and off throughout the day, and naps four to five hours during the day. She is able to use a computer and the internet on her cell phone. She can shop (sometimes with assistance) and maintain her household. She drives about once a week to shop and for appointments. . . ." (AR 19.)

On April 11, 2014, the ALJ issued a decision applying the multi-step sequential analysis and concluding that Plaintiff was not disabled. (AR 15-24.) The ALJ found that Plaintiff had severe impairments consisting of tachycardia, asthma, chronic obstructive pulmonary disease (COPD), hypertension, obstructive sleep apnea, dyslipidemia, degenerative changes in her lumbar spine, and obesity, but that none of these impairments met or equaled a listed impairment. (AR 17-18.) The ALJ further found that "[Plaintiff's] allegations as to the intensity, duration and functionally limiting effects of her impairments are not fully credible . . . ." (AR 20.) The ALJ concluded that Plaintiff was capable of performing a narrowed range of light work activity and that she could return to her past work as a sales person and sales manager, as well as alternative occupations. (AR 22-24.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision.

On September 26, 2015, Plaintiff filed a complaint seeking review of the Commissioner's denial of her applications for DIB and SSI payments. In accordance with the Court's case management order, Plaintiff filed a memorandum in support of plaintiff's complaint (ECF No. 18), and the Commissioner filed a memorandum in support of defendant's answer. (ECF No. 27.) Plaintiff also filed

a notice that she was not submitting a reply. (ECF No. 28.) This matter now is ready for decision.

**DISPUTED ISSUE**

Plaintiff has raised a single issue in challenging the ALJ's decision denying benefits: Whether the ALJ failed to properly consider Plaintiff's subjective complaints and failed to properly assess Plaintiff's credibility.

**DISCUSSION**

The ALJ's adverse credibility finding was based on a number of grounds: First, the ALJ stated that Plaintiff "has the ability to perform household chores, shop, prepare meals, drive, manage her finances, maintain a residence, care appropriately for her grooming and hygiene, use telephones and computers, manage her medical treatment and appointment, care for her dogs, and perform yard work." (AR 19, *citing* AR 208, 211 and Plaintiff's hearing testimony.) Second, according to the ALJ, Plaintiff's "treatment has overall consisted of routine follow up and medication management treatment" (AR 19), and "her symptoms are effectively managed with medications, diet changes, exercise and limiting her exposure to environment irritants." (AR 20.) Third, the ALJ pointed to an interview that Plaintiff had with a field office representative and stated that Plaintiff had no difficulty during the interview. (AR 19.) Fourth, the ALJ noted "significant inconsistencies between [Plaintiff's] alleged severity of her symptoms and limitations and the evidence." (AR 19.) As discussed below, the Court finds that these reasons are not legally sufficient to support the ALJ's adverse credibility determination.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). Where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject

the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, since the Commissioner has not argued that there was evidence of malingering and that a lesser standard consequently should apply, the Court will apply the "clear and convincing" standard to the ALJ's adverse credibility determination. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (applying "clear and convincing" standard where the government did not argue that a lesser standard should apply based on evidence of malingering). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F. 3d 995, 1015 (9th Cir. 2014).

- **Daily activities**

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Id*. at 1016. "[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Here, the ALJ's decision summarized Plaintiff's daily activities based on an exertion questionnaire and Plaintiff's hearing testimony. (AR 19.) Yet he failed to identify how this evidence of Plaintiff's daily activities contradicts specific aspects of her testimony or claims; instead, the ALJ provided only the general statement that the activities are inconsistent with the severity of Plaintiff's claimed symptoms and "indicate she is not as restricted in her activities as alleged." *(Id.)* That is not sufficient. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (ALJ

must identify specifically what testimony is not credible). Certainly, nothing in the questionnaire or hearing testimony suggests vigorous daily activities by Plaintiff. The answers in the questionnaire state that Plaintiff can do yard work only "in very short intervals" (AR 208); that she does "not walk much" and "I have to stop and sit often" (*Id.*); that she can carry light (but not heavy) groceries into the house from her car (AR 209); that some days she must skip doing all of her daily chores (*Id.*); that she cannot do yard work for more than 15 minutes at a time (*Id.*); and that simple chores take her a very long time because she can only do her chores for about 10 minutes at a time (AR 210). Plaintiff's hearing testimony similarly reflects that it takes her a long time to accomplish simple chores because she needs to stop and sit for 15 to 20 minutes frequently (AR 44), and that she has to sit down when shopping because she gets tired (AR 43). Considered in its entirety, this evidence does not present a clear and convincing reason for discounting Plaintiff's credibility concerning the severity of her symptoms. *See Vertigan, supra,* 260 F.3d at 1050; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (finding error where ALJ's credibility discussion selectively quoted information from the record). In sum, the ALJ's discussion of Plaintiff's daily activities does not constitute a valid reason to discredit Plaintiff's testimony.

- **Conservative medical treatment and effective symptom management**

The record shows that Plaintiff takes medications to control her heart rate, has a CPAP machine for sleep apnea, uses a nebulizer and Spiriva for her breathing impairments, and carries nitroglycerine for possible heart problems. (AR 37-41.) Although the ALJ characterized this as "routine follow-up and medication management" (AR 19), he did not state what other, more aggressive treatments or procedures were available for Plaintiff's asthma, COPD, heart and breathing problems. *See Kager v. Astrue*, 256 F. App'x 919, 923 (9th Cir. 2007) (rejecting ALJ's characterization of treatment as conservative where, *inter alia*, claimant took prescription medications). As a result, the ALJ's discussion of daily activities is

too general and vague to constitute a legally sufficient basis for discounting Plaintiff's subjective symptom testimony. *See Parra v. Astrue*, 481, F.3d 742, 750 (9th Cir. 2007). The ALJ also did not cite to medical opinion evidence in support of his conclusion that Plaintiff's treatment is not commensurate with her subjective symptom complaints. *See generally Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (ALJ is not qualified as a medical expert). Moreover, the ALJ's reference to the effectiveness of the treatment received by Plaintiff (AR 19-20) is not supported in the decision by specific evidence linking Plaintiff's treatment regimen to effective management of her symptoms on an ongoing basis. As pointed out in Plaintiff's opening brief, there is substantial contrary evidence in the record of multiple visits to emergency rooms and hospitals for Plaintiff's breathing impairments and cardiac problems. (ECF 18 at 7.) Thus, the type of treatment received by Plaintiff ─ as discussed in the ALJ's decision ─ is not a clear and convincing reason for discounting the credibility of her claimed symptoms.

- **Interview with field office representative**

The ALJ stated that Plaintiff "had no difficulty during her interview with a field office representative" (AR 19, *citing* AR 190-92) and that he found the representative's statement to be credible (AR 20). These terse findings by the ALJ are not sufficient to constitute clear and convincing evidence of Plaintiff's lack of credibility. Although the Commissioner's brief points to specific observations made in the interview report (ECF No. 27 at 5), the ALJ did not do so, and the Court may not add these reasons into the decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Moreover, Plaintiff testified that she has good days and bad days and that she is able to do certain tasks for a short period of time before her breathing and heart symptoms require her to take a break. By itself, the observation that Plaintiff "had no difficulty" in completing a short interview is not inconsistent with Plaintiff's own description of her impairments, and the ALJ has offered no explanation why this justifies an adverse credibility determination.

- **Objective findings in medical reports**

As a final reason, the ALJ stated that Plaintiff's subjective complaints are inconsistent with the "evidence" in the "records as a whole." (AR 19-20.) Since the ALJ's other reasons are insufficient, this remaining reason — apparently based on lack of supporting objective medical evidence — cannot be legally sufficient by itself to support the adverse credibility determination. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."). The Ninth Circuit has held that lack of objective medical evidence may be a factor an ALJ can consider in his credibility analysis, but it cannot form the sole basis for a credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

- **Medical opinion evidence**

The Commissioner argues that the ALJ relied on medical opinion evidence as an additional basis for his adverse credibility determination. (ECF No. 27 at 5-6.) The ALJ's decision itself, however, does not reflect such reliance. Opinion evidence was not discussed by the ALJ as part of his credibility assessment, and the decision cannot be rewritten to add this as a supporting rationale for the credibility ruling. *See Connett,* 340 F.3d at 874.

*     *     *

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g.*, *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*,

888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985). Here, particularly where Plaintiff challenges only the ALJ's adverse credibility finding, she has failed to show that this case presents the rare circumstances that would warrant an immediate award of benefits. Further administrative proceedings would serve a useful purpose. *See Brown-Hunter*, 806 F.3d at 495.[1]

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: August 30, 2016

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[1] It is not the Court's intent to limit the scope of the remand.

8